IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WESTFIELD INSURANCE CO. )
)
v. ) NO. 1-10-0110
) JUDGE CAMPBELL
BROAN-NUTONE, LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 2). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

This action arises from a fire at a market and restaurant in Lynnville, Tennessee. The building which burned was insured by Plaintiff Westfield Insurance Company. Plaintiff claims it has paid $191,544.48 in insurance claims as a result of this fire. Plaintiff also claims that the fire originated in a combination ceiling fan and light designed, manufactured, distributed and sold by Defendant Broan-Nutone, LLC.

Plaintiff alleges causes of action against Defendant for products liability, both strict liability and negligence. Docket No. 1. Defendant has moved to dismiss the action, contending that Plaintiff's Complaint fails to set forth a plausible cause of action for products liability.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PLAINTIFF'S CLAIMS

Both Plaintiff's strict liability claim and Plaintiff's negligence claim are covered under Tennessee's Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.* Under that statute, Plaintiff must establish that the product was defective and unreasonably dangerous at the time it left the manufacturer's control, and that Plaintiff's injury was proximately caused by the defective product. *Harwell v. American Medical Systems, Inc.*, 803 F.Supp. 1287, 1296 (M.D. Tenn. 1992); Tenn. Code Ann. § 29-28-105(a). Thus, as stated above, in order to survive a motion to dismiss, Plaintiff must plead facts which allow the Court to draw a reasonable inference that Defendant's product (the fan/light) was defective and unreasonably dangerous and that Defendant's product caused the fire.

The allegations of Plaintiff's Complaint, which must be accepted as true, include the following. Plaintiff contends that on November 14, 2008, a fire originating in a combination ceiling fan and light designed, manufactured, distributed and sold by Defendant, caused significant damage to the building and business insured by the Plaintiff. Complaint, ¶ 6. Plaintiff alleges that the subject fan was expected to and did reach the building in question without substantial change in the condition in which it left Defendant's control and that condition was defective. *Id*., ¶¶ 11-12.

Plaintiff asserts that the fan malfunctioned in that it failed and started a fire in the course of its normal and intended use. *Id*., ¶ 13.

Plaintiff claims that Defendant's fan caused the fire and losses suffered by Plaintiff's insured because of (1) a manufacturing defect which caused the fan to fail and start a fire; (2) Defendant's failure to warn Plaintiff's insured of the serious and foreseeable risk of harm posed by the defects and deficiencies of the fan; and (3) a design defect which caused the failure of the fan and the resultant fire. Complaint, ¶ 16. Plaintiff alleges that the fire and resultant damage occurred as a direct and proximate result of the defective, unreasonably dangerous and unsafe condition of the fan. *Id*., ¶ 18. Plaintiff also asserts that Defendant was negligent in its design, manufacture, assembly, distribution, marketing, supplying, selling, testing and inspecting the fan. *Id*., ¶ 21. Plaintiff sets forth specific ways in which it alleges Defendant was negligent. *Id*., ¶ 22.

It is true, as Defendant contends, that the fact that a plaintiff is injured is not proof of a defect in the product and that the plaintiff must show that there is something wrong with the product. *King v. Danek Medical, Inc.*, 37 S.W.3d 429, 435 (Tenn. Ct. App. 2000). The *King* case, however, involved summary judgment, not a motion to dismiss. The pleading standard here, as set forth above, is different.

In *Maness v. Boston Scientific*, 2010 WL 4629984 (E.D. Tenn. Nov. 4, 2010), also relied upon by Defendant, the plaintiff failed to allege how the product malfunctioned or how the product caused her injuries. Here, Plaintiff has stated that the fan malfunctioned by failing and starting a fire (clearly not a use for which it was intended), which is a fact from which the Court can reasonably infer that the fan was defective and unreasonably dangerous. In addition, there is no question of how the fire caused Plaintiff's injuries, by destroying the insured property.

3

The Court finds that Plaintiff's Complaint is sufficient to survive a Motion to Dismiss under the *Ashcroft* standard set forth above.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 2) is DENIED. The case is referred to the Magistrate Judge for further customized case management.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE